UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-334

| JAMES A. RAY, pro se, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| KILOLO KIJAKAZI, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

This matter is before the Court on Defendant's Motion to Dismiss, (Doc. No. 5). On January 28, 2022, the Court issued a notice to pro se Plaintiff James A. Ray to respond to the motion to dismiss. (Doc. No. 7). Plaintiff filed a response on February 20, 2022.

## I. BACKGROUND AND DISCUSSION

This is a social security case in which Plaintiff appeals the decision of an administrative law judge denying Plaintiff's disability application. Defendant contends that this Court lacks jurisdiction over Plaintiff's appeal because it was filed more than 60 days after the ALJ's decision. For the reasons stated in Defendant's brief and in this Order, the Court agrees and dismisses this action.

On April 15, 2020, an Administrative Law Judge ("ALJ") issued a decision ceasing Plaintiff's disability benefits under title II of the Social Security Act (the "Act") because he was no longer disabled. See (Ex.1, Declaration of Janay Podraza ("Podraza Declaration"), ¶ (3)(a)). When Plaintiff filed a request for review of the ALJ's decision, the Appeals Council initially provided him additional time to submit further information or evidence in support of his claim. (Podraza Declaration, ¶ 3(a); Podraza Declaration, Ex. 3 at 1). When Plaintiff did not submit

1

additional evidence, the Appeals Council denied his request for review on August 2, 2021, rendering the ALJ's decision a final decision that Plaintiff could, by right, appeal by commencing an action in the United States District Court. (Podraza Declaration, ¶ (3)(a)-(b)).

Under 42 U.S.C. § 405(g), Plaintiff then had sixty days to commence that action. See 42 U.S.C. § 405(g); see also Podraza Declaration ¶ 3(a)-(b); Podraza Declaration, Ex. 4 at 2-3). Based on the Appeals Council's August 2, 2021, notice, Plaintiff must have commenced his civil action on or before Wednesday, October 6, 2021, (which includes five days to allow for receipt of the Appeals Council's notice). Plaintiff filed his Complaint on November 5, 2021. Because Plaintiff failed to file this civil action within the statutory timeframe, this Court lacks jurisdiction over his claims, and the Complaint will be dismissed.[1] Accord Freeman v. Berryhill, 2019 WL 6711553, at *1-2 (W.D.N.C. Dec. 9, 2019) (finding lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and dismissing complaint filed approximately two weeks after the statutory deadline); Thompkins v. Berryhill, No. 5:17-cv-00146-FDW-DSC, 2017 WL 10282417, at *1 (W.D.N.C. Dec. 8, 2017) memorandum and recommendation adopted by 2018 WL 4576779 (W.D.N.C. Aug. 7, 2018) (applying sixty-day period and dismissing case filed by pro se plaintiff).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 5), is **GRANTED**.

Signed: March 17, 2022

Max O. Cogburn Jr
United States District Judge

---

[1] Moreover, Plaintiff does not argue, nor does the Court find, any extraordinary circumstances present that would justify extending the sixty-day period.