UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-334

| | |
|---|---|
| JAMES RAY, pro se, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on a Motion for Reconsideration, filed by pro se Plaintiff James A. Ray March 25, 2022, requesting that this Court reconsider its March 17, 2022, Order and Judgment dismissing this case. (Doc. No. 13). For the following reasons, Plaintiff's motion for reconsideration is **DENIED**.

In the Court's underlying order, the Court granted Defendant's motion to dismiss on the ground that Plaintiff failed to file this action within 60 days of the decision by the Administration Law Judge on Plaintiff's disability claim. Federal Rule of Civil Procedure 59(e) controls Plaintiff's motion for reconsideration. The Fourth Circuit has stated three potential bases for reconsidering judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Franklin v. Colvin, No. 5:14cv84, 2015 WL 5457922, at *1 (W.D.N.C. Sept. 16, 2015) (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1988)). A Rule 59(e) motion is "'an extraordinary remedy that should be used sparingly.'" Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright et al., Fed. Prac. & Proc. Civ. § 2810.1, at 124 (2d ed. 1995)). A Rule 59(e) motion must be denied if that motion attempts to raise argument that could

1

have been raised before the Court enters judgment. Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Similarly, such a motion cannot be "relitigate" arguments. See 11 Wright et al., Fed. Prac. & Proc. Civ. § 2810.1, at 127–28 (2d ed. 1995).

Here, as Defendant notes, Plaintiff has not attempted to address any of the potential bases for granting a Rule 59(e) motion in his submission, nor could he. There has been no change in the controlling law requiring him to file his civil action within 60 days of Defendant's final decision. There is no evidence that was not available when this Court reviewed Defendant's motion to dismiss. There has been no clear error of law given the plain language of the statute at issue and this Court's application of that law to the facts of this case.

Finally, there is no basis to assert that reconsideration is necessary to prevent manifest injustice, and Plaintiff has not alleged one. "Clear error or manifest injustice" require a showing that a court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." King v. McFadden, No. 1:14-cv-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015) (internal citations omitted). None of those considerations apply here.

As discussed in support of Defendant's motion to dismiss, Plaintiff had 60 days to file suit, he did not do so, and he has not presented any reason why this Court should set aside a well-established statutory scheme designed "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." Bowen v. City of New York, 476 U.S. 467, 481 (1986). Nor has he offered any justification for his request that this Court assume jurisdiction over this matter despite the clear and consistent caselaw of this Court. See, e.g., Freeman v. Berryhill, No. 1:18cv156, 2019 WL 6711553, at *1–2 (W.D.N.C. Dec. 9, 2019);

2

Thompkins v. Berryhill, No. 5:17-cv-00146-FDW-DSC, 2017 WL 10282417, at *1 (W.D.N.C. Dec. 8, 2017) memorandum and recommendation adopted by 2018 WL 4576779 (W.D.N.C. Aug. 7, 2018).

In sum, Plaintiff's motion amounts to an attempt to relitigate matters this Court has already decided. As a result, the motion is **DENIED**.[1]

**IT IS SO ORDERED**.

Signed: May 6, 2022

Max O. Cogburn Jr.
United States District Judge

---

[1] To the extent Plaintiff's motion could be interpreted to invoke Federal Rule of Civil Procedure 60, he is still not entitled to relief.